# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL TRACY MCLAUGHLIN

    Petitioner,

vs.

BRIAN WILLIAMS, et al.,

    Respondents.

Case No. 2:11-cv-00884-JCM-VCF

**ORDER**

    Before the court is petitioner's motion for leave to file records under seal (#26). Petitioner asks to file the pre-sentence investigation report, Ex. 163 (#27), under seal, because it contains information that is confidential under Nevada law and because it also contains information necessary for ground 1. After reviewing the report, the court grants petitioner's motion.

    Also before the court are petitioner's motion for leave to supplement first amended petition (#38), respondents' opposition (#39), and petitioner's reply (#40). Petitioner wishes to supplement ground 1 with statements from Jason Johnson. On December 10, 2002, petitioner entered a social services office and stabbed several people. Petitioner was charged with three counts of attempted murder with the use of a deadly weapon, one count of battery with use of a deadly weapon, and one count of burglary while in possession of a deadly weapon. In ground 1, petitioner claims that trial counsel provided ineffective assistance because trial counsel did not present a defense of voluntary intoxication at trial. Petitioner filed the amended petition (#27) on January 31, 2013. Then, on February 6, 2013, an investigator employed by petitioner's counsel met with Johnson in prison in Arizona. Johnson stated that petitioner was present at Johnson's house in the night and morning of

December 9-10, 2002.  Johnson also stated that he saw petitioner smoke methamphetamine, that the two of them stayed up all night, and that petitioner left the house around 10:30 a.m. on December 10, 2002.  Petitioner also wishes to add the declaration of the investigator as an exhibit to the amended petition.

      Petitioner is not presenting information that is suitable for a supplemental petition.  The intended use for a supplemental pleading is for a party to set out "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d).  The transaction, event, or occurrence in question is Johnson's witnessing of petitioner's actions on December 9-10, 2002.  That happened before the date of the amended petition (#27).  The date that petitioner discovered the information is not relevant in determining whether the information should be presented in a supplemental petition or an amended petition.[1]  Petitioner should have filed a motion for leave to further amend the petition to include this newly discovered information, and petitioner should have attached a proposed amended petition in accordance with Local Rule 15-1(a).

      Nevertheless, the court will grant petitioner's motion for ease of future litigation.  The court sees three possible defects with Johnson's statement.  First, those allegations might be untimely pursuant to 28 U.S.C. § 2244(d).  Second, petitioner might not have presented the facts to the state courts, and those facts might make ground 1 unexhausted for the purposes of 28 U.S.C. § 2254(b).  Third, if petitioner has not presented the facts to the state courts, then 28 U.S.C. § 2254(e) might preclude this court's consideration of them.  If any of these defects actually exist—the court makes no statement whether they do exist—then keeping Johnson's statement compartmentalized in a separate supplemental pleading makes it easier for the court to dispose of the statement.

      Finally, the court has reviewed the amended petition (#27) pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  Respondents will need to respond to the amended petition and its supplement.

---

[1] If timeliness becomes an issue, then the date that petitioner discovered what Johnson knew might become relevant.  See 28 U.S.C. § 2244(d)(1)(D).

IT IS THEREFORE ORDERED that petitioner's motion for leave to file records under seal (#26) is **GRANTED**.

IT IS FURTHER ORDERED that petitioner's motion for leave to supplement first amended petition (#38) is **GRANTED**. Petitioner shall file the proposed supplemental pleading and supporting exhibit within seven (7) days of the date of entry of this order.

IT IS FURTHER ORDERED that respondents shall have forty-five (45) days from the date of entry of this order to answer or otherwise respond to the amended petition (#27) and the supplement. If respondents file and serve an answer, then they shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, and then petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply.

DATED: May 16, 2013.

_____
JAMES C. MAHAN
United States District Judge