# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL TRACY MCLAUGHLIN

    Petitioner,

vs.

BRIAN WILLIAMS, et al.,

    Respondents.

Case No. 2:11-cv-00884-JCM-VCF

**ORDER**

Before the court are the second amended petition for writ of habeas corpus (#27),[1] respondents' motion to dismiss (#44), and petitioner's opposition (#47). Also before the court is petitioner's motion for issuance of stay and abeyance (#48),[2] respondents' opposition (#52),[3] and petitioner's reply (#55). Respondents argue that petitioner has not exhausted his available state-court remedies for grounds 1 and 5 of the second amended petition. The court concludes that ground 5 is exhausted. Ground 1, which was not exhausted at the time the motion to dismiss was filed, is now exhausted because of a recent decision of the Nevada Supreme Court. Consequently, the court denies the motion to dismiss (#44). The court also denies the motion for issuance of stay and abeyance (#48), because the Nevada Supreme Court's recent decision has made that motion moot.

---

[1] Petitioner titled this as a first amended petition.

[2] This motion and the opposition to the motion to dismiss (#47) are the same document.

[3] This document also acts as a reply to petitioner's opposition to the motion to dismiss (#47).

On December 10, 2002, petitioner attacked multiple people with a knife and a chair at a social services office for Clark County, Nevada. After a jury trial, he was convicted of three counts of attempted murder with the use of a deadly weapon, one count of battery with the use of a deadly weapon, and one count of burglary with the use of a deadly weapon. Ex. 63 (#29). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 88 (#30).

While the direct appeal was pending, petitioner filed in state district court a post-conviction habeas corpus petition. Ex. 78 (#30). The state district court denied the petition. Ex. 113 (#30). Petitioner appealed, and the Nevada Supreme Court reversed for appointment of counsel. Ex. 120 (#31). Represented by counsel, petitioner filed a supplemental petition. Ex. 123 (#31). The state district court conducted an evidentiary hearing and then denied the petition. Ex. 130 (#31). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 137 (#32).

Petitioner then commenced this action. The court appointed counsel, and the second amended petition (#27) followed.

While this action was pending, petitioner filed another post-conviction habeas corpus petition in state district court. Supp. Ex. 165 (#49). The state district court denied the petition. Supp. Ex. 169 (#49). Petitioner appealed. This court takes judicial notice of the on-line docket of the Nevada Supreme Court in McLaughlin v. State, No. 63603.[4] The Nevada Supreme Court affirmed on September 16, 2014. It determined that the petition was untimely pursuant to Nev. Rev. Stat. § 34.726(1) and successive pursuant to Nev. Rev. Stat. § 34.810(2).

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

---

[4]http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=31788 (report generated September 18, 2014).

"[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings specifically as federal claims.  In short, the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law." Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), amended, 247 F.3d 904 (9th Cir. 2001).  Citation to state case law that applies federal constitutional principles will also suffice. Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).  "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion.  Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

Ground 1 is a claim that petitioner received ineffective assistance of trial counsel because counsel did not present a defense of voluntary intoxication.  The parties agree that petitioner presented the same claim in his first state habeas corpus petition, but that in the second amended petition he has presented many more facts, which fundamentally alter the nature of the claim.  Petitioner has presented those facts to the state courts in his second state habeas corpus petition, and the Nevada Supreme Court has issued its decision.  Ground 1 is now exhausted.

The court anticipates that respondents will wish to argue that ground 1 is procedurally defaulted because the Nevada Supreme Court has ruled that the second state petition was untimely and successive.  The court also anticipates that petitioner will wish to argue that the ineffective assistance of state habeas corpus counsel is cause to excuse the procedural default. See Martinez v. Ryan, 132 S. Ct. 1309 (2012).  The parties may make these arguments in the answer and the reply, but the parties also should address the merits of ground 1.  Indeed, the nature of an argument pursuant to Martinez often becomes an argument on the merits of the underlying claim of ineffective assistance of trial counsel.

Ground 5 is a claim that the prosecution violated petitioner's rights guaranteed by the Due Process Clauses of the Fifth and Fourteenth Amendments when the prosecution elicited testimony from the arresting police officer about petitioner's post-arrest silence; the officer testified that he attempted to interview petitioner.  Respondents argue that while petitioner did raise on direct appeal

1  an issue about the officer violating petitioner's right to remain silent, petitioner did not claim that
2  the prosecutor committed misconduct. The court disagrees. In his direct-appeal opening brief,
3  petitioner quoted cases in support of his argument. Those cases note not just the impropriety of
4  testimony about a defendant's post-arrest silence but also that the prosecutor commits misconduct
5  when eliciting the testimony. See Ex. 75, at 19-20 (#30). In the Nevada Supreme Court's decision
6  on direct appeal, that court discusses the impropriety of the prosecutor in using post-arrest silence to
7  impeach a defendant. See Ex. 88 at 4-5 (#30). To the extent that prosecutorial misconduct in
8  eliciting improper testimony is a legal theory that is distinct from the improper testimony itself,
9  petitioner has presented the issue of prosecutorial misconduct to the Nevada Supreme Court, which
10 recognized and ruled on the issue. Ground 5 is exhausted.

IT IS THEREFORE ORDERED that respondents' motion to dismiss (#44) is **DENIED**.

IT IS FURTHER ORDERED that petitioner's motion for issuance of stay and abeyance (#48) is **DENIED** as moot.

IT IS FURTHER ORDERED that respondents shall have forty-five (45) days from the date of entry of this order to file and serve an answer, which shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply.

DATED: September 24, 2014.

_____
JAMES C. MAHAN
United States District Judge