RENE L. VALLADARES
Federal Public Defender
Nevada State Bar No. 11479
JONATHAN M. KIRSHBAUM
Assistant Federal Public Defender
New York State Bar No. 2857100
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577
(702) 388-5819 (fax)
Jonathan_Kirshbaum@fd.org

Attorney for Petitioner Michael McLaughlin

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL TRACY MCLAUGHLIN,<br><br>Petitioner,<br><br>v.<br><br>BRIAN WILLIAMS, Warden, et al.,<br><br>Respondents. | Case No. 2:11-CV-00884-JCM-VCF<br><br>**MOTION *IN LIMINE* TO ADMIT HEARSAY TESTIMONY UNDER FEDERAL RULES OF EVIDENCE 807** |

Petitioner Michael Tracy McLaughlin, through counsel Assistant Federal Public Defender Jonathan M. Kirshbaum, moves *in limine* to admit hearsay statements from Steven Glenn through the testimony of Abigail Goldman pursuant to Federal Rules of Evidence 807. This motion is based upon the attached points and authorities and all pleadings and papers on file herein.

## POINTS AND AUTHORITIES

On September 20, 2017, this Court ordered an evidentiary hearing on Ground One in the First Amended Petition. ECF No. 98. The deadline for filing *in limine* motions was set for October 13, 2017. *Id.*

One of McLaughlin's witnesses at the evidentiary hearing will be Steven Glenn. He was the security guard at the social services office where the incident occurred and also one of the victims. At McLaughlin's preliminary hearing, Glenn described how, despite extensive martial arts training, he was unable to restrain McLaughlin, stating: "I locked him up in a very well, what should have been a very painful joint manipulation that he should not have been able to extricate himself from, and he pulled out of my grip like my fingers were made out of butter. At that point, it was very obvious to me that—" Ex. 5 at 131. The prosecutor cut him off and stated, "I don't want you to speculate about his condition . . . ." *Id.*

In a January 18, 2013 telephone conversation with Abigail Goldman, who was the investigator for the Federal Defender's Office on McLaughlin's case, Glenn stated that what was "obvious" to him during the incident was that McLaughlin was plainly under the influence. Ex. 155 at ¶ 5. This was what he intended to say was "very obvious" to him at the preliminary hearing. *Id.* Glenn added, "It couldn't have been more obvious if he had a tattoo on his head that said, 'I'm high.'" *Id.* Glenn told Goldman that McLaughlin only escaped Glenn's painful hold because he was so intoxicated. *Id.* Glenn related to Goldman other examples of his observations of McLaughlin's behavior during the incident that led him to believe he was intoxicated. *Id.*

On September 22, 2017, an investigator in the office spoke with Steven Glenn, who now lives in a RV park in Boise, Idaho. He advised the investigator that, since the time that he spoke with Goldman over the phone, he now suffers from extreme

long-term memory loss due to a serious car accident. He advised the investigator that while he was driving on the highway in his RV in Idaho, someone threw a "tirebomb" underneath one of his tires, which resulted in his RV flipping over multiple times. Glenn struck his head sharply against the roof and walls of his RV during the flips. He ended up with a brain injury as well as a broken neck. He now has no memory of what occurred during the incident at the social services office.

If called as a witness, it is anticipated that Glenn will testify that he has no memory of what occurred during the incident. For this reason, McLaughlin would like to admit his statements to Goldman in 2013 under the residual exception of F.R.E. 807 as the statements meet all of the relevant factors for admission under that rule.

Federal Rules of Evidence 807 provides:

> (a) In General. Under the following circumstances, a hearsay statement is not excluded by the rule against hearsay even if the statement is not specifically covered by a hearsay exception in Rule 803 or 804:
>
> (1) the statement has equivalent circumstantial guarantees of trustworthiness;
>
> (2) it is offered as evidence of a material fact;
>
> (3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and
>
> (4) admitting it will best serve the purposes of these rules and the interests of justice.

F.R.E. 807(a). This "residual exception" to the hearsay rules exists to provide judges a "fair degree of latitude" and "flexibility" to admit statements that would otherwise be hearsay. *United States v. Valdez-Soto*, 31 F.3d 1467, 1471 (9th Cir. 1994).

This Court should exercise its discretion and admit Glenn's statements to Goldman under Rule 807. First, the statement has equivalent circumstantial guarantees of trustworthiness. At the preliminary hearing, Glenn was set to testify about his observations of McLaughlin's "condition" during the incident. However, the prosecutor prevented him from doing it. It is clear from the context of Glenn's testimony that he was going to testify that he believed McLaughlin was intoxicated. His testimony about what was "very obvious" to him followed on the heels of a description of McLaughlin exhibiting superhuman strength and slipping through the hands of a man trained in martial arts as if the security guard's fingers were made out of butter. In light of his preliminary hearing testimony, Glenn's statements to Goldman can be considered trustworthy. Indeed, those statements were fully consistent with his prior testimony and are nothing more than the information that Glenn was prepared to testify to under oath at the preliminary hearing.

There is additional evidence in the case to corroborate the trustworthiness of the statements. The trial testimony established that McLaughlin was acting in a bizarre manner and did exhibit similar qualities to what Glenn described to Goldman in their phone conversation. McLaughlin will be presenting evidence at the hearing that he had been doing a great deal of methamphetamine during the early morning hours prior to the incident. His mother will testify about his bizarre behavior on that date. The medical records indicate the history of meth-induced psychosis. It provides corroboration of Glenn's statements that McLaughlin was intoxicated.

There is also no reason to believe that Glenn would provide untrustworthy evidence on this issue. Glenn was a victim in this incident. He has no interest in providing any statements that would be deemed helpful to McLaughlin. It renders them trustworthy.

Second, the statements are being offered on a material fact. Glenn's prior statements will be used to establish that McLaughlin was intoxicated during the incident. That is a material fact as the underlying question is whether counsel was ineffective for failing to pursue a voluntary intoxication defense.

Third, Glenn's prior statements are more probative on the point for which it is offered than any other evidence that McLaughlin can obtain through reasonable efforts. There is no medical evidence concerning McLaughlin's intoxication as his blood was not tested at the hospital. McLaughlin can establish his intoxication through a witness who observed him during the incident. Glenn was the security guard at the social services office. He was the individual who spent the most time interacting with McLaughlin during the incident, as Glenn physically fought with McLaughlin throughout the incident. He more than any other witness at the social services office would be in a position to observe McLaughlin's condition during the incident. It is the most reasonable means to establish this fact.

Fourth, admitting the statements serves the interests of justice. This is an extraordinary situation. Up until very recently, Glenn would have been able to provide this testimony directly. However, he was involved in a serious accident that has left him unable to remember the incident. It was not for a lack of diligence on McLaughlin's part that he was never able to obtain sworn testimony from Glenn on this issue. At the preliminary hearing, the prosecutor stopped Glenn from providing it. McLaughlin's trial counsel, who is now the subject of the ineffectiveness claim in this proceeding, did not question Glenn about it at the preliminary hearing or the trial. He did not even investigate this issue. The Ninth Circuit has already found that post-conviction counsel was ineffective for failing to conduct the necessary investigation on this issue, which would have included presenting evidence from Glenn. This is McLaughlin's first true opportunity to present evidence that should

have been presented as far back as the preliminary hearing. Glenn's present unavailability should not prevent McLaughlin from being able to establish a fact that was "very obvious" to Glenn from the very beginning.

Under Rule 807(b), McLaughlin is providing notice of his intent to use Glenn's prior statements as well as the address for both Glenn and Goldman:

> Steven Glenn
> Boise Riverside RV Park
> 6000 N. Glenwood Street, Space E-69
> Garden City, ID 83714
>
> Abigail Goldman
> 3000 W Maplewood Ave.
> Bellingham, WA 98225-1004

Accordingly, this Court should permit McLaughlin to admit Glenn's 2013 statements to Goldman under Rule 807.

Dated this 28th day of September, 2017.

    Respectfully submitted,

    RENE L. VALLADARES
    Federal Public Defender

    */s/Jonathan M. Kirshbaum*
    JONATHAN M. KIRSHBAUM
    Assistant Federal Public Defender

**CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2017, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, District of Nevada by using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system and include: Heidi Stern

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing documents by First-Class Mail, postage pre-paid, or have dispatched it to a third party commercial carrier for delivery within three calendar days, to the following non-CM/ECF participants:

Michael T. McLaughlin
#83193
Southern Desert Correctional Center
P.O. Box 208
Indian Springs, NV 89070

                                                    */s/ Adam Dunn*
                                                    An Employee of the
                                                    Federal Public Defender