# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| MICHAEL TRACY McLAUGHLIN, | Case No. 2:11-CV-884 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| BRIAN WILLIAMS, et al., | |
| Defendant(s). | |

Presently before the court is petitioner Michael Tracy McLaughlin's motion for deposition in lieu of live testimony. (ECF No. 100). Respondents State of Nevada and Brian Williams filed a response, (ECF No. 107), to which petitioner replied, (ECF No. 108).

Also before the court is petitioner's motion *in limine* to admit witness testimony. (ECF No. 99). Respondents filed a response, (ECF No. 106), to which petitioner replied, (ECF No. 109).

## I.  Background

This is a habeas corpus proceeding where petitioner challenges his state court convictions. As the parties are familiar with the facts of the case, the court will not recite them herein.

On November 4, 2016, the Ninth Circuit issued an order in the instant case vacating and remanding this court's denial of relief on petitioner's claims. The Ninth Circuit opinion stated, in relevant part,

> The new evidence here consists of sworn declarations from Petitioner's mother, Petitioner's half-brother, and an investigator who worked for Petitioner's federal habeas lawyer. . . . [Assuming the truth of Petitioner's allegations,] Petitioner has established cause and prejudice under Martinez. The new evidence bears on both the strength of the voluntary intoxication defense and Petitioner's trial lawyer's deficient performance to such an extent that it "fundamentally alters" the claim. . . . [M]uch of the new evidence clearly could have had an effect on the state habeas court's resolution of the prejudice prong of the underlying IAC claim. For instance, had Petitioner's state habeas counsel known of the new evidence, he could have

> shown that trial counsel was able to establish Petitioner's level of intoxication at trial without putting Petitioner on the stand, thus making a voluntary intoxication defense more viable.

(ECF No. 76 at 4). The Ninth Circuit remanded the case to this court for purposes of conducting an evidentiary hearing to resolve any contested issues of fact.

**II. Legal Standard**

*i. Motion for deposition in lieu of live testimony*

The Federal Rules of Civil Procedure govern an evidentiary hearing in a § 2254 proceeding. *See* Rule 12, Rules Governing Section 2254 Cases. Under Rule 45(c)(1)(A), a party has the power to subpoena a witness to attend a hearing within 100 miles of the location of the hearing. Fed. R. Civ. P. 45(c)(1)(A). A court may order a witness to appear at a hearing if the witness "resides, is employed, or regularly transacts business in person" within 100 miles of the location of the hearing. *Id.* Rule 45 alternatively provides parties with the power to subpoena a witness to attend a deposition within 100 miles of the place the witness "resides, is employed, or regularly transacts business in person." *Id.* Under Rule 32(a)(4), a witness outside of the 100-mile area of the location of the hearing is deemed unavailable, and courts may allow a moving party to admit a deposition of the witness at a hearing. Fed. R. Civ. P. 32(a)(4).

*ii. Motion in limine*

"The court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104. Motions *in limine* are procedural mechanisms by which the court can make evidentiary rulings in advance of trial, often to preclude the use of unfairly prejudicial evidence. *United States v. Heller*, 551 F.3d 1108, 1111–12 (9th Cir. 2009); *Brodit v. Cambra*, 350 F.3d 985, 1004–05 (9th Cir. 2003).

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1980). Motions *in limine* may be used to exclude or admit evidence in advance of trial. *See* Fed. R. Evid. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling *in limine* that prosecution could admit impeachment evidence under Federal Rule of Evidence 609).

James C. Mahan
U.S. District Judge

- 2 -

Judges have broad discretion when ruling on motions *in limine*. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *see also Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir. 1999) ("The district court has considerable latitude in performing a Rule 403 balancing test and we will uphold its decision absent clear abuse of discretion."). "[I]n limine rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

"Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted [or excluded] at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded [or admitted]." *Conboy v. Wynn Las Vegas, LLC*, No. 2:11-cv-1649-JCM-CWH, 2013 WL 1701069, at *1 (D. Nev. Apr. 18, 2013).

**III. Analysis**

*i. Motion for deposition in lieu of live testimony*

Petitioner requests permission from the court to take deposition testimony of (1) Abigail Goldman; (2) Alan White; (3) Steven Glenn; (4) Jason Johnson; and (5) Dr. Jonathan Lipman for the purposes of using it at an evidentiary hearing. "Respondents respectfully request that this Court deny [petitioner's] Motion for Deposition in Lieu of Live Testimony with regard to the testimony of Dr. Lipman, and correspondingly deny [petitioner's] attempts to introduce Dr. Lipman's testimony at the evidentiary hearing." (ECF No. 107).

The court will allow petitioner to conduct deposition in lieu of live testimony for Dr. Lipman should he not be able to attend the hearing.[1] The court already granted petitioner's motion for leave to file supplemental pleading containing Dr. Lipman's testimony. (ECF No. 98). As petitioner's reply to opposition to motion for evidentiary hearing (ECF No. 89) discussed, the court

---

[1] As petitioner's reply brief mentions, the hearing was moved to accommodate this expert witness. Thus, the court expects the witness will be present at the hearing. The court also re-emphasizes the desire for the parties to resolve this case extra-judicially, as a revised sentence in petitioner's case may increase, instead of decrease, his term of incarceration.

**James C. Mahan**
**U.S. District Judge**

- 3 -

may consider at a habeas hearing whatever evidence is necessary to dispose of the matter "as law and justice require." *Harris v. Nelson*, 394 U.S. 286, 290 (1969); *see Townsend v. Sain*, 372 U.S. 293, 310 (1963). As respondents' opposition notes, (ECF No. 107), this does not mean that the court will "try the facts anew," *see* (ECF No. 89 at 4), but it does mean that the court will consider relevant expert testimony contained in petitioner's supplemental pleadings that goes towards the constitutional questions raised by the petition.

As respondents' opposition focuses on the testimony of Dr. Lipman, and essentially agrees that petitioner's request for deposition testimony of the other witnesses is proper, the court will allow petitioner to conduct depositions of the other four witnesses for purposes of introducing them at the evidentiary hearing.

    *ii.*    *Motion in limine*

Petitioner requests leave to admit testimony of Abigail Goldman, an investigator who worked petitioner's habeas case. Her testimony will cover statements that Steven Glenn, a security guard at the social services office where the incident occurred, made to her during her investigations. Glenn engaged the petitioner during the incident, and unsuccessfully attempted to subdue him. Petitioner alleges that Glenn told Goldman that it was obvious to Glenn that petitioner was under the influence during the incident in question.

Petitioner hopes to introduce Goldman's testimony because petitioner alleges that Glenn will not be able to testify as to the matter. Glenn was recently in a serious car accident and suffers from long-term memory loss which makes it impossible for him to recall the incident in question.

Federal Rule of Evidence 807 provides, in relevant part:

(a) In General. Under the following circumstances, a hearsay statement is not excluded by the rule against hearsay even if the statement is not specifically covered by a hearsay exception in Rule 803 or 804:
  (1) the statement has equivalent circumstantial guarantees of trustworthiness;
  (2) it is offered as evidence of a material fact;
  (3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and
  (4) admitting it will best serve the purpose of these rules and the interests of justice.

Fed. R. Evid. 807 (a).

At this juncture, the court cannot rule that petitioner's proposed testimony meets the requirements for the residual exception. As respondents accurately note, the evidence does not appear to be "more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." Fed. R. Evid. 807. Petitioner has multiple other methods of establishing McLaughlin's intoxication on the day in question that may well be more probative on the point of petitioner's intoxication than Goldman's hearsay testimony regarding what Glenn told her. The court will thus deny petitioner's motion *in limine*. *See Conboy v. Wynn Las Vegas, LLC*, No. 2:11-cv-1649-JCM-CWH, 2013 WL 1701069, at *1 (D. Nev. Apr. 18, 2013) ("Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded [or admitted].").

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED that petitioner's motion for deposition in lieu of live testimony (ECF No. 100), be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that petitioner's motion *in limine* (ECF No. 99) be, and the same hereby is, DENIED.

DATED November 6, 2017.

UNITED STATES DISTRICT JUDGE